[No. 8516.]

THE PEOPLE V. BROWN ET AL.

1. COUNTY CLERK—*Liability.* A County Clerk must account to the proper authorities for all moneys which come into his hands by virtue of his office. (592.)

2. PLEADING—*Complaint Upon Official Bond,* averring that defendant, being elected County Clerk, executed, with the other defendant named, as his surety, his bond in such office, and acting under such election and qualification, received, "as such Clerk and Recorder," divers sums of money mentioned, as the fees and emoluments of his said office, which, though his salary and all expenses of his office had been paid to him, he had failed to account for or pay over. *Held* to state a cause of action. (592.)

*Error to Arapahoe District Court.* Hon. H. S. CLASS, Judge.

Mr. SAMUEL W. JOHNSON, Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. W. E. CLARK, for defendants in error.

BAILEY, J., delivered the opinion of the court.

The complaint was filed in the District Court of Arapahoe County on the 13th of February, 1914, and alleges, in substance, that defendant Brown was elected to the office of County Clerk and Recorder of Arapahoe County on November 8th, 1910, for a term of two years from and after January 10th, 1911; that defendant, The National Surety Company, is, and was at all times mentioned therein, a corporation authorized to become surety on official bonds in Colorado; that on December 27th, 1910, defendant Brown, as principal, and the National Surety Company, as surety, exe-

cuted and delivered their signed, sealed and obligated bond, conditioned to pay the People of the State of Colorado $5,000, provided, "If the said Robert S. Brown, as such County Clerk and Recorder, shall faithfully perform all the duties of his office, and shall pay over the moneys that may come into his hands as such clerk, as required by law, and shall deliver to his successor in office all the books, records, papers and. other things belonging to his said office," then this obligation shall be void; that the bond was duly approved and accepted as required by law; that defendant Brown entered upon the duties of his office in January, 1911, and occupied same until January 13th, 1913; "that during the continuance of said Robert S. Brown in such office, under and by virtue of such election and qualification, he received divers sums of money as such Clerk and Recorder, from divers persons and the County of Arapahoe, as fees and emoluments of his said office, amounting to the sum of $17,342"; that his full and lawful salary and the lawful expenses of his office were paid to him, and that over and above his salary and expenses there remained in his possession $1,395.25; that demand was duly made that he pay over this balance to Arapahoe County, but that he failed to do so, contrary to the terms of his bond; and that defendant did not faithfully perform and execute the duties of his office of Clerk and Recorder, but failed to pay into the treasury of Arapahoe County the balance of the fees and emoluments of his office, and fraudulently converted and appropriated to his own use $1,395.25. Judgment was prayed for the penalty of the bond, as a debt, $5,000, and $1,395.25, as damages, with interest.

The bill of particulars, filed upon motion made therefor by defendants, sets out the dates and amounts of payments made to defendant Brown, as such Clerk and Recorder, by the Record Abstract Company and the Arapahoe Abstract Company, totaling $1,395.25.

Defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action against defendants or either of them. The demurrer was sustained and judgment entered thereon, dismissing the complaint, to which ruling exception was reserved. Upon election to stand by the complaint, judgment was entered in favor of defendants, which plaintiff brings here for review on error.

The theory upon which the demurrer was sustained does not appear from the record, and we are at a loss to know what it was. The complaint alleged, among other things, "that during the continuance of said Robert S. Brown in such office under and by virtue of such election and qualification he received divers sums of money as such Clerk and Recorder, from divers persons and the County of Arapahoe, as fees and emoluments of his said office," stating the amount thereof. All the allegations of this complaint which are well pleaded are admitted by the demurrer as true, and they are unquestionably sufficient to constitute a cause of action. The gist of it is that the defendant Brown received divers sums of money by virtue of his office as Clerk and Recorder of Arapahoe County, which he failed and refused to turn over to the county upon demand. These facts are plainly contained in the allegations of the complaint, and a cause of action is stated, which is not obnoxious to general demurrer, for it is settled law in this jurisdiction that a County Clerk must account to the proper authorities for all moneys which come into his hands by virtue of his office. *Board of County Commissioners v. Shelden,* 59 Colo. 499, 149 Pacific Reporter, page 616.

The judgment is reversed and the cause remanded, with directions to permit the defendants to answer the complaint if so advised.

*Judgment reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE WHITE concur.